IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, DIVISION

| | | |
|---|---|---|
| JASON NEISER AND KAREN NEISER | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| UNITED PROPERTY & CASUALTY | § | JURY DEMANDED |
| INSURANCE COMPANY AND | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that pursuant to 28 U.S.C. § § 1332, 1441 and 1446, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"), removes the state court action *Cause No.2019-75681, Jason Neiser, et al v. United Property & Casualty Insurance Company,* pending in the 215 Judicial District Court of Harris County, Texas, pursuant to this Court's diversity jurisdiction, on grounds stated below:

## BACKGROUND

1.      This matter arises from a suit to recover insurance policy benefits currently pending in 215th Judicial District Court of Harris County, Texas.  Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon and by the parties in the state court action are attached and incorporated herein as **Exhibit B**.

2.      Specifically, on November 15, 2019, Plaintiffs Jason Neiser and Karen Neiser ("Plaintiffs") filed their Original Petition in this matter in the 215 Judicial District Court of Harris County, Texas, bearing Cause No.2019-75681 against Defendant UPC. *See* Plaintiffs' Original Petition, attached under **Exhibit B.**

3.      UPC was served with service of process and notice of Plaintiffs' suit on November 18, 2019, and thereafter filed its Original Answer and Request for Disclosure asserting a general denial and affirmative defenses on December 9, 2019. *See* Defendant's Original Answer and Request for Disclosure, attached under **Exhibit B.**

4.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Jason Neiser and Karen Neiser  ("Plaintiffs") through their attorney of record, and to the clerk of the 215th Judicial District Court of Harris County, Texas.

5.      Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal has been timely filed by the Defendant within thirty (30) of service of the Plaintiffs' lawsuit.

### EXHIBIT INDEX

**Exhibit A:**     Index of Matters Being Filed;

**Exhibit B:**     All executed process in this case, including a copy of the Plaintiff's Original Petition, service of citation on United Property & Casualty Insurance Company and a copy of Defendant's Original Answer

**Exhibit C:**     List of all Counsel of Record

**Exhibit D:**     Civil Cover Sheet

### JURISDICTION

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removed to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. **Diversity of Parties**

7.      In paragraphs 2 and 3 of their Original Petition, Plaintiffs pleaded that they reside and are domiciled in Houston, Harris County, Texas. Thus, under 28 U.S.C. § 1332(a), Plaintiffs are citizens of the State of Texas.

8.      In contrast, Plaintiffs pleaded that UPC is a non-Texas company based in the State of Florida. *See* Original Petition, **Exhibit B.**  UPC is a foreign entity incorporated pursuant to the laws of the State of Florida and does not have its principle place of business in Texas.  Thus, under 28 U.S.C. § 1332(c) (1), UPC is a citizen of the State of Florida.

9.      Therefore, there is complete diversity of citizenship between the Texas Plaintiffs and the Florida Defendant pursuant to 28 U.S.C. § 1332(a).

### B. **Amount in Controversy**

10.      Further, per the Original Petition, Plaintiffs seek "damages over $100,000 but not more than $200,000.00."  Original Petition, Exhibit B, ¶ 36. Thus, the amount in controversy clearly exceeds the $75,000 minimum required for removal 28 U.S.C. § 1332(b).

11.      Based on the foregoing jurisdictional facts, removal based on this Court's diversity jurisdiction is proper.

### CONCLUSION

12.      Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

### PRAYER

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the state court action be removed and placed on this Court's docket for further

proceedings as though it had originated in this Court, and that this Court issue all necessary orders.

Defendant United Property & Casualty Insurance Company further prays that this Court grant any

and all such further relief to which it is entitled at law or in equity.

DATED DECEMBER 18, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
      Sarah R. Smith
      Texas State Bar No. 24056346
      Federal Bar No: 1196616
      David Talbot
      Texas State Bar No: 24037580
      Federal Bar No: 34351
      24 Greenway Plaza, Suite 1400
      Houston, Texas 77046
      Telephone: 713.659.6767
      Facsimile: 713.759.6830
      sarah.smith@lewisbrisbois.com
      david.talbot@lewisbrisbois.com
      **ATTORNEYS FOR DEFENDANT,**
      **UNITED PROPERTY & CASUALTY**
      **INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on 17th day of December, 2019, via e-filing addressed to:

Daniel F. Crowder
Crowder Law Firm
5005 Riverway Dr., Suite 450
Houston, Texas 77056
dfcrowder@thecrowderlawfirm.com
*Attorneys for Plaintiffs*

      */s/ Sarah R. Smith*
      Sarah R. Smith