# EXHIBIT B

# EXHIBIT B

10/15/2019 1:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37666018
By: Joshua Carroll
Filed: 10/15/2019 1:55 PM

*2019-75681 / Court: 215*

CAUSE NO. _____

| | | |
|---|---|---|
| **JASON NEISER AND KAREN NEISER** § | | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* § | | |
| § | | |
| **VS.** § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **UNITED PROPERTY & CASUALTY** § | | |
| **INSURANCE COMPANY,** § | | |
| *Defendant.* § | | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Jason Neiser and Karen Neiser ("Plaintiffs"), and files this *Plaintiffs' Original Petition*, complaining of United Property & Casualty Insurance Company ("UP&C"), and for cause of action would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular needs of this lawsuit.

### PARTIES

2. Plaintiff Jason Neiser is an individual residing at 2602 Washington Avenue, Apt. F, Houston, Texas 77007.

3. Plaintiff Karen Neiser is an individual residing at 2602 Washington Avenue, Apt. F, Houston, Texas 77007.

4. Defendant United Property & Casualty Insurance Company is a foreign, for-profit corporation, specifically, United Property & Casualty Insurance Company is a Florida insurance

1

company engaged in the business of insurance in Texas. United Property & Casualty Insurance Company has designated CT Corporation System as its registered agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arose from or are connected with purposeful acts committed in Texas by this defendant. Accordingly, this defendant may be served by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Issuance and service of citation upon Defendant United Property & Casualty Insurance Company **is requested at this time**.

## JURISDICTION

5. This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of this court.

6. The Court has Jurisdiction over Defendant, United Property & Casualty Insurance Company because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities within the State of Texas.

## VENUE

7. Venue if proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE, Section 15.032.

## FACTS

8. This suit arises from UP&C's wrongful acts in the handling of Plaintiffs' claim under their Texas Homeowners' Insurance policy (the "Policy") for damages caused by Hurricane Harvey. The Policy was sold by UP&C to the Plaintiffs. The policy at issue provides coverage for Plaintiffs' residence in Harris County at 2602 Washington Avenue, Apt. F., Houston, Texas 77007. Like thousands of other Texans, Plaintiffs sustained and continues to sustain substantial losses and

damages as a result of Hurricane Harvey including, but not limited to property damage, diminution of the value of their property, mental anguish, attorneys' fees and other consequential damages.

## THE STORM

9. In the late evening hours of Friday, August 25, 2017, Hurricane Harvey made landfall on the coast of Texas. At the time of its landfall, Hurricane Harvey was a massive Category 4 storm with maximum sustained winds of 130 mph at the time of landfall causing extensive damage. After striking land, Hurricane Harvey slowed dramatically to a crawl and stalled just inland of the coastline of Texas dropping torrential and unprecedented amounts of rainfall over the state causing catastrophic flooding and damage to Plaintiffs' home. Hurricane Harvey has been classified as costliest storm to make landfall in the United States and has been estimated to have caused $125 Billion Dollars worth of damage to U.S. coastal and inland areas.

10. Plaintiffs submitted their claim to the UP&C, who, in turn delayed, improperly investigated, and either partially denied or intentionally underestimated and underpaid his claim, subjecting the Plaintiffs to significant economic impact, financial harm and damage, distress, and other continuing consequential damages. The significant effects of UP&C's wrongful and justified delays, however, remain uncompensated.

## FIRST CAUSE OF ACTION—Violations of Texas Insurance Code

11. Plaintiffs re-allege and incorporates each allegation contained above as if set forth fully herein.

12. UP&C misrepresented a material fact or policy provision relating to coverage issues, in violation of Texas Insurance Code 541.060(a)(1)

3

13. UP&C failed to attempt to effectuate a prompt, fair and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

14. UP&C failed to provide a reasonably prompt explanation in relation to the facts or applicable law for the insurer's denial of the claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

15. UP&C failed to affirm or deny coverage of a claim to a policy holder; or submit a reservation of rights to a policyholder within a reasonable time, in violation of Texas Insurance Code Section 541.060(a)(4)(A) and (B).

15. UP&C refused to pay all or a portion of the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

16. UP&C misrepresented the coverage provided (or not provided) by the insurance policy on question by making untrue statements in violation of Texas Insurance Code Section 541.061.

17. UP&C committed the foregoing acts with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices in violation of the Texas Insurance Code Section 541.002 (1).

### SECOND CAUSE OF ACTION—Prompt Payment Statute

18. Plaintiffs re-allege and incorporate all of the forgoing allegations contained above as if fully set forth herein.

19. UP&C failed to acknowledge in writing the receipt of the claim in violation of Texas Insurance Code Section 542.055(a)(1).

20. UP&C failed to timely commence investigation of the claim or to request in writing from Plaintiffs any additional items, statements, or forms that UP&C reasonably believed to be required from the Plaintiffs in violation of Texas Insurance Code Section 542.(a)(2)-(3).

21. UP&C failed to notify the Plaintiffs in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements, and forms required by UP&C in violation of Texas Insurance Code Section 542.056(a).

22. UP&C delayed payment of Plaintiffs' claim in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION—Statutory Interest

23. Plaintiffs make a claim in this lawsuit for penalties of 18% statutory interest on the amount of the claim along with reasonable and necessary attorneys' fees for violations of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION—Breach of Contract

24. Plaintiffs incorporate by reference all of the foregoing allegations and facts contained in this petition.

25. UP&C breached the terms of the insurance contract at issue with the Plaintiffs. Plaintiffs suffered contractual and consequential damages as a proximate result of the breaches.

### FIFTH CAUSE OF ACTION—Breach of the Duty of Good Faith and Fair Dealing

26. Plaintiffs incorporate by reference all prior facts and allegations contained in this petition.

27. UP&C, as Plaintiffs' insurer, had a duty to deal fairly and in good faith with the Plaintiffs in processing and handling the Plaintiffs' claims arising from Hurricane Harvey. UP&C breached this duty by refusing to properly investigate the claim, and by wrongfully delaying and/or

denying, in whole or in part, insurance benefits to which the Plaintiffs were lawfully entitled. UP&C knew or should have known that there was no reasonable basis for delaying or denying the payment of the required benefits. As a result of UP&C's breach of these legal duties, Plaintiffs suffered legal damages.

### SIXTH CAUSE OF ACTION—Punitive Damages for Bad Faith

28. Plaintiffs re-allege all of the facts and allegations contained in the foregoing petition.

29. UP&C acted fraudulently and with malice (as that term is known in law) in denying and improperly delaying Plaintiffs' claim for insurance benefits. Further, UP&C had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of the Plaintiffs.

### SEVENTH CAUSE OF ACTION—Violations of the Texas DTPA

30. Plaintiffs re-allege by reference all of the facts and allegations contained in the foregoing petition.

31. The Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to Texas consumers who are victims of deceptive, improper, or illegal practices. UP&C's conduct and serial violations of the Texas Insurance Code as described in this petition create a cause of action under the Texas DTPA for which Plaintiffs now sues. Plaintiffs further allege that the conduct of the UP&C in this matter was "unconscionable" as that term is known in law and defined under the Texas DTPA and said violations were and continue to be a producing cause of damages to the Plaintiffs.

### EIGHTH CAUSE OF ACTION—Fraud

32. Plaintiffs re-allege by reference all of the facts and allegations contained in the foregoing petition.

33. UP&C acted fraudulently in investigating, delaying, intentionally undervaluing and underpaying the Plaintiffs' insurance claim resulting in damage to the Plaintiffs.

### KNOWLEDGE

34. Each of the acts and omissions described herein were done "knowingly" as that term is known in law and defined in the Texas Insurance Code and the Texas Deceptive Trade Practices Act and such knowing acts and/or omissions were and continue to be a producing cause of the Plaintiffs' damages.

### DAMAGES

35. Plaintiffs are entitled to the actual damages resulting from UP&C's violations of law described in this petition. These damages include both the contractual damages due under the contract as well as extra-contractual damages, including, but not limited to, the payment of all sums and benefits due and owing under the policy, as well as consequential damages to the Plaintiffs' economic welfare from the wrongful acts or omissions; as well as for mental anguish in the past and future and for the continued impact on the Plaintiffs, including, but not limited to, damage to their credit reputation; and all other actual and consequential damages permitted by law. In addition, Plaintiffs are entitled to recover exemplary damages.

36. As a result of the UP&C's acts and/or omissions, Plaintiffs have sustained damages in excess of the minimum jurisdictional limits of this Honorable Court. Plaintiffs seek damages over $100,000 but not more than $200,000.00.

37. Plaintiffs are entitled by law to recover prejudgment interest and post judgment interest at the maximum legal rate.

38. UP&C's knowing violations of the Texas Insurance Code's Unfair Claims Settlement Practices and Prompt Payment provisions as well as UP&C's violations of the Texas Deceptive Trade Practices Act entitle the Plaintiffs to recover their reasonable and necessary attorneys fees, treble damages, and other statutory penalties provided by law, including, but not limited to statutory interest at the rate of 18% per year as damages under the Prompt Payment provisions of the Texas Insurance Code. Plaintiffs are also entitled to reasonable and necessary attorneys' fees under Texas Civil Practice and Remedies Code Section 37.009, and Section 38.001 as well as Texas Insurance Code 542.060 (a)-(b) and Tex. Bus & Commerce Code Section 17.50 for the prosecution of their claims and this lawsuit against UP&C.

## JURY DEMAND

39. Plaintiffs hereby demand a jury trial and tenders the appropriate fee with this petition.

## PRAYER

FOR THESE REASONS, Plaintiffs Jason Neiser and Karen Neiser respectfully request and pray that Plaintiffs have judgment against Defendant United Property & Casualty Insurance Company, for actual and exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court, for pre- and post-judgment interest, as allowed by law, costs of suit, and all other relief, at law or in equity, to which the Plaintiffs may be legally entitled.

Respectfully Submitted,

CROWDER LAW FIRM

_____
DANIEL F. CROWDER
SBN 00796419
5005 Riverway Dr., Suite 450
Houston, Texas 77056
Telephone: (713) 523-1200
Facsimile: (713) 523-1266
dfcrowder@thecrowderlawfirm.com

ATTORNEY FOR PLAINTIFFS
JASON & KAREN NEISER

TR# 7017 0460 0000 3229 7480

P-4

CAUSE NO. 201975681

RECEIPT NO. 868139          75.00      C01

\*\*\*\*\*\*\*\*\*\* 10·15·19      TR # 73685901

PLAINTIFF: NEISER, JASON
vs.
DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY

In The   215th
Judicial District Court
of Harris County, Texas
215TH DISTRICT COURT
Houston, TX

SBM J06X9 2408

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY
(FORIEGN FOR-PROFIT CORPORATION) BY SERVING ITS REGISTERED
AGENT FOR SERVICE CT CORPORATION SYSTEM

1999  BRYAN ST SUITE 900    DALLAS   TX  75201 - 3136

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

**FILED**
Marilyn Burgess
District Clerk   11-25-19
NOV 25 2019
Time: _____
Harris County, Texas
By _____
Mail Processing Clerk

This instrument was filed on the 15th day of October, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 15th day of October, 2019, under my hand and seal of said Court.



Mar L Burgess

Issued at request of:
CROWDER, DANIEL FARRIS
5005 RIVERWAY DR., SUITE 450
HOUSTON, TX  77056
Tel: (713) 523-1200
Bar No.: 796419

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CARROLL, JOSHUA DEMIAS    50V//11357144

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION to the following addressee at address:

_____
(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
(2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                \*73685901\*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**OFFICER'S RETURN FOR CERTIFIED MAIL**

Cause #:201975681

Tracking #:73685901

PLAINTIFF: NEISER, JASON

VS.

DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY

RECEIVED THIS <u>CITATION</u>, CAUSE # <u>201975681</u> ON THE <u>21ST</u> DAY OF <u>OCTOBER, 2019</u> AT <u>8:52AM</u>. EXECUTED AT <u>1999 BRYAN ST, STE. 900, DALLAS, TX, 75201</u> BY MAILING TO THE WITHIN NAME <u>UNITED PROPERTY & CASUALTY INSURANCE COMPANY (FORIEGN FOR-PROFIT CORPORATION)</u> BY SERVING ITS REG. AGENT FOR SERVICE CT CORPORATION SYSTEM BY DELIVERING TO <u>ANTOINETTE WILLIAMS</u> ON THE <u>18TH</u> DAY OF <u>NOVEMBER, 2019</u> BY <u>CERTIFIED</u> MAIL WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, A TRUE COPY OF THIS <u>CITATION</u> TOGETHER WITH A COPY OF <u>PLAINTIFF'S ORIGINAL PETITION</u>.

Fee Due $ _____0.00_____

by Deputy   Certified Mail - 1170

Deputy Signature _____

**Alan Rosen , Constable Precinct #1**

**Harris County Texas**

1302 Preston, 3rd Floor
Houston Texas 77002
713.755.5200



Envelope Review                                                                 Page 1 of 1

# Envelope Review

**Filer Comment:** Plaintiffs' Original Petition  
**Envelope CourtID:** 215  **Filing Type:** TexFile  **Filer Info:** Attorney

**EFSP:** ProDoc  
**Firm:** CROWDER LAW FIRM  
(dfcrowder@thecrowderlawfirm.com  
(mailto:dfcrowder@thecrowderlawfirm.com))

Envelope Saved. This case is assigned to 215 Court.  
JIMS Trans # 11357144

| | |
|---|---|
| Envelope no.: 37666018 | |
| Cause: 201975681 | |
| Filed: 10/15/2019 1:56 PM | |
| Filed By: CROWDER, DANIEL FARRIS | |
| **Filings (1)** | |
| OTHER CIVIL | |
| 10/15/2019 2:12:00 PM | |
| CARROLL, JOSHUA D | |
| Pending # 0 | |

CompletedBy: CARROLL, JOSHUA D at 10/15/2019 2:24:00 PM  
Transactions: 1  
* Click the transaction to view detailed court cost information.

Assessments: $407  
Payments: $407  
Due: $0

Trans # 213280617  (Cust # I0017248)

| Date | Register | Receipt | Court Cost | Paid | Due | Action Type | Due Type |
|---|---|---|---|---|---|---|---|
| 10/15/2019 | 102 | 868139 | $407.25 | $407.25 | $0.00 | OTHER CIVIL | Paid |

**Assessed Fees**

| Fee Code | Description | Quantity | Unit Price | Assessed | Collected | Due |
|---|---|---|---|---|---|---|
| 100 | FILING NEW CASE | 1 | $50.00 | $50.00 | $50.00 | $0 |
| 121 | CITATION WITH 1 COPY | 1 | $8.00 | $8.00 | $8.00 | $0 |
| 175 | DISTRICT COURT RECORDS ARCHIVE FEE | 1 | $10.00 | $10.00 | $10.00 | $0 |
| 176 | DIGITAL REC PRESERVATION FEE | 1 | $10.00 | $10.00 | $10.00 | $0 |
| 178 | ELECTRONIC FILING FEE - STATE | 1 | $30.00 | $30.00 | $30.00 | $0 |
| 183 | JUDICIAL AND COURT PERSONNEL TRAINING | 1 | $5.00 | $5.00 | $5.00 | $0 |
| 195 | SECURITY SERVICE FEE | 1 | $5.00 | $5.00 | $5.00 | $0 |
| 198 | DIST CLK RECORDS MGMT / PRES FEE | 1 | $5.00 | $5.00 | $5.00 | $0 |
| 199 | RECORD PRESERVATION FEE | 1 | $5.00 | $5.00 | $5.00 | $0 |
| 298 | SERVICE COPIES | 9 | $0.25 | $2.25 | $2.25 | $0 |

*CITMC01*

12/9/2019 2:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39091943
By: Joshua Bovell
Filed: 12/9/2019 2:50 PM

CAUSE NO: 2019-75681

| | | |
|---|---|---|
| **JASON NEISER AND** § | | **IN THE DISTRICT COURT OF** |
| **KAREN NEISER,** § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **UNITED PROPERTY & CASUALTY** § | | |
| **INSURANCE COMPANY,** § | | |
| *Defendant.* § | | **215TH JUDICIAL DISTRICT** |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its Original Answer to Plaintiffs' Original Petition and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1. United Property & Casualty Insurance Company ("UPC" or "Defendant"), asserts a general denial as is authorized under Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs, Jason Neiser and Karen Neiser ("Plaintiffs"), be required to prove their charges and allegations against Defendant by a preponderance of evidence, as is required by the Constitution and law of the State of Texas.

## II.
## DEFENSES

2. Defendant UPC denies that all of the required conditions precedent were performed and/or occurred.

3. The damages allegedly sustained by Plaintiffs may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiffs, therefore, UPC is not liable to Plaintiffs.

4. UPC issued a policy of insurance to Plaintiffs Jason and Karen Neiser bearing policy number UTH038146701 (the "Policy"), and UPC adopts its terms, conditions, and exclusions as if copied herein *in extenso*.

5. The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice, or any quality in the property that causes it to damage and/or destroy itself.

6. The Policy does not cover damage which occurred prior to the Policy's inception or after its expiration.

7. The Policy does not cover claims or damages arising out of workmanship, repairs, or lack of repairs arising from damage which occurred prior to the Policy's inception.

8. The Policy does not cover claims or damages arising out of faulty, inadequate or defective designs, specifications, workmanship, maintenance, repair, construction, remodeling, renovation, grading, compaction or materials used in the repair, construction, renovation or remodeling of the property at issue.

9. The Policy requires direct, physical loss.

10. UPC is entitled to any credits or set-offs for prior payments by itself or third-parties.

11. To the extent Plaintiffs' damages are determined to be the result of Plaintiffs' failure to take reasonable steps to mitigate their loss, those damages are not recoverable.

12. Plaintiffs' extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiffs' entitlement, if any, to benefit payments under the Policy.

13. To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

14. Plaintiffs' extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiffs' underlying insurance claim is necessary to establish any basis for Plaintiffs' extra-contractual, Insurance Code claims. Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs' extra-contractual, Insurance Code claims.

15. To the extent Plaintiffs have failed to carry their burden to segregate the damage attributable solely to loss event referenced in the Original Petition, those damages are not recoverable.

## III.
## REQUEST FOR DISCLOSURES

16. Pursuant to Rule 194, Plaintiffs are requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully prays that Plaintiffs JASON and KAREN NEISER take nothing by their suit, that Defendant recover costs, and for such other and further relief, both at law or in equity, to which UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Sarah R. Smith
  Sarah R. Smith
  Texas State Bar No. 24056346
  David A. Talbot, III
  Texas State Bar No. 24037580
  24 Greenway Plaza, Suite 1400
  Houston, Texas 77046
  Telephone: 713.659.6767
  Facsimile: 713.759.6830
  sarah.smith@lewisbrisbois.com
  david.talbot@lewisbrisbois.com
  ATTORNEYS FOR DEFENDANT,
  UNITED PROPERTY & CASUALTY
  INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded to all counsel of record pursuant to the Texas Rules of Civil Procedure by electronic filing, certified mail, regular mail, and/or facsimile on this 9th day of December, 2019.

Daniel F. Crowder      *Via E-Serve*
Crowder Law Firm
5005 Riverway Dr., Ste. 450
Houston, Texas 77056
dfcrowder@thecrowderlawfirm.com
*Attorneys for Plaintiffs*

            /s/ David A. Talbot, III
            David A. Talbot, III

4828-9118-2766.1